UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. DEPWEG,

      Plaintiff,

v.

      Case No. 14-11705
      Hon. Gerald E. Rosen
      Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       August 24, 2015

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

On July 17, 2015, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff James M. Depweg's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on July 29, 2015, and Defendant responded to these objections on August 4, 2015. The Court has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties' underlying summary judgment motions, and the remainder of the record. For the reasons stated below, the Court finds no merit in Plaintiff's objections, and therefore

adopts the Magistrate Judge's thorough and well-reasoned R & R as the opinion of this Court.

Plaintiff's objections to the Magistrate Judge's R & R consist entirely of restatements of the very same contentions advanced in Plaintiff's underlying summary judgment motion, without any effort to even acknowledge the Magistrate Judge's analysis of these arguments in the R & R, much less explain how the Magistrate Judge might have erred in this analysis. Plaintiff complains, for example, that the Administrative Law Judge ("ALJ") failed to fulfill his obligation to develop the medical record on behalf of Plaintiff, who was not represented by counsel at the time of the hearing before the ALJ. (*See* Plaintiff's Objections at 2-4.) Yet, the Magistrate Judge thoroughly addressed this question in the R & R, noting that Plaintiff had identified "compelling" grounds for needing assistance in developing the record and otherwise presenting his case, but then explaining (i) that Plaintiff demonstrated sufficient understanding of and familiarity with the administrative process to adequately pursue his case before the ALJ, and (ii) that, more importantly, Plaintiff had failed to suggest — even after securing the representation of counsel in these proceedings —what further information or records the ALJ could have uncovered that would have bolstered his claim for benefits. (*See* R & R at 16-18.) While Plaintiff asserts in wholly cursory fashion that an independent review by this Court will reveal that Plaintiff's administrative hearing was "unfair and inadequate," (Plaintiff's Objections at 4), he fails to suggest any flaw in the Magistrate Judge's contrary conclusion, reached after careful examination of the record, that Plaintiff's hearing before

the ALJ met the standards of fairness set forth in the pertinent regulations and case law. Neither has the Court's own review disclosed any such flaws in the Magistrate Judge's analysis.

Similarly, Plaintiff's remaining objections address points that are thoroughly considered and analyzed in the Magistrate Judge's R & R, and Plaintiff has failed to identify any purported errors in the Magistrate Judge's treatment of these issues. Plaintiff argues that the ALJ's assessment of his residual functional capacity failed to fully account for the effects of his obesity, affective disorder, and carpal tunnel syndrome, yet the Magistrate Judge addressed each of these points in the R & R. (*See* R & R at 20-24.) While Plaintiff continues to express his disagreement with the ***ALJ's*** consideration of these impairments, (*see* Plaintiff's Objections at 6-9), he has utterly failed to suggest how the ***Magistrate Judge*** might have erred in concluding that the ALJ's determination of Plaintiff's residual functional capacity was supported by substantial evidence. Likewise, to the extent that Plaintiff continues to suggest that the ALJ drew improper inferences from his failure to seek medical treatment and unduly discounted his credibility based on his use of marijuana, the Magistrate Judge explicitly addressed these issues in the R & R, (*see* R & R at 26-28), and Plaintiff again offers only his counsel's rhetoric and unsupported assertions in lieu of suggesting any particular flaws in the Magistrate Judge's analysis of these issues. As Defendant observes, Plaintiff's bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different

outcome, is tantamount to an outright failure to lodge objections to the R & R. *See Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991) (holding that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object," because such a generalized objection fails to focus the district court's attention "on any specific issues for review, thereby making the initial reference to the magistrate useless").

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 29, 2015 objections (docket #19) to the Magistrate Judge's Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's July 17, 2015 Report and Recommendation (docket #18) is ADOPTED as the opinion of this Court. Finally, IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's

Report and Recommendation, that Plaintiff's August 25, 2014 motion for summary judgment (docket #14) is DENIED, and that Defendant's October 7, 2014 motion for summary judgment (docket #15) is GRANTED.

                                            s/Gerald E. Rosen
                                            Chief Judge, United States District Court

Dated:  August 24, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2015, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, (313) 234-5135